SCHNELLER, Appellant, v. SCHNELLER, Respondent.

(274 N. W. 586)

(File No. 8062.   Opinion filed July 9, 1937)

*Miller & Miller,* of Mitchell, for Appellant.

*P. M. Young* and *Hitchcock & Sickel,* all of Mitchell, for Respondent.

RUDOLPH, P. J.   The trial court entered a judgment annulling the marriage of the plaintiff and defendant.   Plaintiff has appealed.

Section 131, R. C. 1919 provides among other things as follows:

"A marriage may be annulled by an action in the circuit court to obtain a decree of nullity, for any of the following causes existing at the time of the marriage: * * *

"4.   That the consent of either party was obtained by fraud, unless such party afterwards, with full knowledge of the facts constituting the fraud, freely cohabited with the other as husband or wife. * * *

"6.   That either party was, at the time of the marriage physically incapable of entering into the marriage state, and such incapacity continues and appears to be incurable."

The judgment was based upon the allegations found in the counterclaim in the defendant's answer. The counterclaim clearly alleged facts within the meaning of subdivision 6 of section 131, as above set out. However the trial court failed to find the facts as alleged or any facts upon which to base the annulment upon the physical incapacity of the plaintiff. The annulment was granted upon the grounds stated in subdivision 4, i. e., fraud. The defendant contends that the allegations of the counterclaim and the evidence presented are sufficient to sustain the position of the trial court in annulling this marriage upon the ground of fraud. The only allegation of fraud contained in the counterclaim is that the plaintiff represented that she was physically capable of entering into the marriage contract and consummating the objects of matrimony; that the defendant relied upon this representation; and the same was false; and the only evidence introduced relative to fraud was evidence of a representation similar to that set forth in the counterclaim, the reliance thereon, and its falsity. The findings of the trial court relating to fraud made no reference to the physical incapacity of the plaintiff to enter into the marriage contract. This finding regarding fraud is not in accord with the allegations of the counterclaim or the evidence. The court found that the plaintiff made certain representations to the defendant that were false. If these representations, as found by the court, are sufficient upon which to base a charge of fraud within the meaning of subdivision 4 of section 131, there is absolutely no evidence that these representations were relied upon by the defendant, or that they influenced him in any way in entering into the marriage contract. The thing about which the defendant was complaining was the alleged representation regarding the physical capacity of the plaintiff to enter into the marriage contract; regarding this alleged representation the court made no finding whatever.

The judgment and order appealed from are reversed.

All the Judges concur.